# HARRY A. BECK v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 17, 1912.

Nos. 17,492—(97).

**Directed verdict erroneous.**

Action for personal injury. Plaintiff fireman claimed injury from a string of coal cars striking the engine. *Held:* As it did not conclusively appear that the servants handling the cars were free from fault, the court erred in directing a verdict in favor of defendant and in denying plaintiff's motion for a new trial. [Reporter.]

[1] Reported in 136 N. W. 1133.

Action in the district court for Ramsey county to recover $26,700 for personal injuries.

Among other matters the complaint alleged that at the time of the accident the following statute (Laws 1906, c. 1) was in force in the state of Montana: "Every person or corporation operating a railway or railroad shall be liable for all damages sustained by any employee or employees thereof, and in consequence of the wilful wrongs either of omission or commission, of any other employee or employees thereof, when such neglect, mismanagement or wrongs are in any manner connected with the use and operation of any railway or railroad on or about which they shall be employed. No contract restricting such liability shall be legal and binding."

The answer admitted the accident on the date named, but denied negligence on defendant's part and alleged that the rights and liabilities of the parties were governed by the Federal "Employers Liability Act" and that the state act pleaded in the complaint was unconstitutional and that if it ever had validity it was superseded by the "Employers Liability Act." The reply was a general denial. Among other denials, it denied that the state act was unconstitutional or had been superseded by the Federal act. The case was tried before Kelly, J., who, when plaintiff rested, granted a motion to direct a verdict in favor of defendant. From the judgment entered pursuant to the verdict, plaintiff appealed. Reversed and new trial granted.

*Thomas D. Schall*, for appellant.

*M. L. Countryman* and *W. L. Clift*, for respondent.

PER CURIAM.

Action to recover for personal injuries. At the close of the evidence a verdict for defendant was directed by the court. Plaintiff appealed from an order denying a new trial.

The question is whether a case was made for the jury. Plaintiff was a fireman on an engine of defendant that hauled a freight train in Montana. His engine was being turned around on a Y at Rexford, Montana, and as it was about to go on the switch track a string of cars was kicked westerly on the track and struck the engine. Plaintiff jumped from the engine and claimed to have sustained injuries. The negligence charged was in permitting the string of cars to drift uncontrolled without notice or warning. The accident happened at night and it was dark. The only evidence was that of plaintiff. It is apparent that there was negligence somewhere. It is defendant's claim that this negligence was not in regard to the operation of the string of cars. We are unable to concur in this. We think that it did not conclusively appear that the servants charged with the duty of handling the string of cars were free from fault. We are of the opinion that the learned trial court should have left the case to the jury.

Order reversed and new trial granted.